## Marine Court.

*Trial Term—May,* 1880.

## MARY RYAN *against* WILBUR HUDSON.

False Imprisonment—School Board—Dismissal of Janitor.—The plaintiff's husband, who was a janitor of a school, died. The plaintiff succeeded him and became janitress. The school board discharged her and ordered her to give up the keys to the defendant. The plaintiff refused to surrender the keys, and defied the power of the defendant, who called upon a police officer to preserve the peace. The plaintiff still persisted, and was, by direction of the defendant, arrested.

*Held,* that the plaintiff brought the trouble upon herself by her unlawful conduct and could not recover.

The plaintiff, upon the death of her husband, who was janitor, became the janitress of Public School No. 18, situated in Fifty-first street, between Fourth and Lexington avenues, in the city of New York. The defendant was one of the clerks of the board of education of said city. The board, by an official vote, removed the plaintiff from her position as janitress, and ordered her to remove from the apartments occupied by her in the school building, and directed the defendant to take possession thereof for the board. The clerk attempted to carry the order into effect, but was resisted by the plaintiff. She refused either to remove or to surrender the keys. The defendant thereupon called a police officer to preserve the peace while the defendant asserted his authority. The plaintiff defied the defendant, who persisted in enforcing the order, whereupon the officer arrested the plaintiff, and took her to the police station and from thence to the police court, where she was discharged, and on the advice of

the police magistrate she left the school house two days afterwards, and subsequently brought the present action to recover $2,000 damages for what she termed false imprisonment.

*L. J. Grant*, for plaintiff.

*W. C. Whitney*, corporation counsel, for defendant.

McAdam, J.—Held, that the refusal of the plaintiff to give up the keys and surrender possession was, under the circumstances, conduct calculated to create a breach. of the public peace sufficient to warrant the arrest complained of. That her right to use the school house as a residence terminated with her dismissal. That the action of the board of education was legal, and that when the defendant, as the legal representative of the board, ordered the plaintiff to leave, she should have submitted to his demand. That her unlawful refusal to vacate gave the board and its officers power to remove her, and to exercise whatever force was necessary to effect the removal (See Haywood *v.* Miller, 3 *Hill*, 90). The exercise of this power, though lawful, would in all probability have caused a breach of the peace. The police officer, whether directed by the defendant or otherwise, had the right to intervene and prevent any unlawfulness entering into the conflict. If the plaintiff had acted in a lawful manner she would have yielded to the demand of the defendant as the representative of the school board. She defied his authority, and the consequences followed.

The school house was public property, contained a large number of children during the day, and the exigencies of the case required prompt and efficient action on the part of the school board to protect the interests under its charge.

The plaintiff brought the trouble upon herself, and

has no remedy against the defendant. The complaint was thereupon dismissed with costs.

No appeal was taken.

An officer of the peace may lawfully interpose upon his own view to prevent a breach of the peace or to quiet an affray (1 *East P. C.* 303); one great use of these officers being to nip mischief in the bud (1 *B. & H. L. C. C.* 201 ; 7 *Car. & P.* 312) ; and if remonstrance or mere interference are not sufficient to avert the danger, the officer is justified in arresting the guilty party (See 9 *Reporter*, 754, 755).